## Detwiler, Admx. v. Erie Insurance Exchange

Before Forrest, P. J., and Honeyman and Ditter, Jr., JJ.

*Arthur Lefkoe*, for plaintiff.

*D. Stewart McElhone*, for defendant.

HONEYMAN, J., December 22, 1965.—The material allegations pleaded in plaintiff's complaint and admitted by defendant are as follows: On April 6, 1962, Donald R. Detwiler and Eleanor Detwiler, his wife, were involved in a motor vehicle accident on Route 309, Montgomery Township, Montgomery County, Pa. One of the other motor vehicles involved in said accident was driven by one Jack Harris. As a result of this accident, both Mr. and Mrs. Detwiler suffered personal injuries. At the time of the accident, the Detwilers were insured with Erie Insurance Exchange, and as part of their contract of insurance they paid a premium for and were covered under a provision called "Innocent Victim Insurance". This coverage provided:

". . . the ERIE (1) will pay to the Innocent Victim, or if the Innocent Victim is a minor will pay to a parent, or (2) in the event the Innocent Victim is deceased and there be surviving kin, will pay to any such surviving kin chosen by the ERIE or to the estate of the decedent, any uncollectible valid legal claim for damages resulting from bodily injury to an Innocent Victim caused by accident arising (a) out of the ownership, maintenance or use of an automobile by a known person other than a member of the same household, or (b) out of the operation of a hit and run automobile".

A claim was made by plaintiff against Erie Insurance Exchange for payment under the innocent victim insurance, as a result of which, with the acquiescence and approval of the said insurance carrier, a suit in trespass was instituted by the Detwilers against the aforementioned Jack Harris in this court, as of no. 63-2102. The jury in that case rendered a verdict in favor of Donald R. Detwiler in the sum of $12,000 and in favor of Eleanor Detwiler in the sum of $15,000. Thereafter, all in accordance with the terms of the

policy, the Detwilers successively entered judgment and caused a writ of execution to issue against Jack Harris, to which the Sheriff of Montgomery County made a return indicating that he found nothing to satisfy the judgment.

The limit of liability to each insured or "Innocent Victim" is $10,000. There is no question but that Mr. and Mrs. Detwiler were both innocent victims under the policy. Defendant insurance company paid Mrs. Detwiler $10,000. However, it refused to pay Mr. Detwiler $10,000 based on his $12,000 verdict. In its answer, defendant instead took the position that it was obliged to pay Mr. Detwiler only the damages directly resulting from bodily injury to himself; that the extent of its liability to him was for the sum of medical expenses incurred for the treatment of his own injuries, to wit, $196.55, plus a reasonable sum for his pain and suffering; and that it was not obliged to pay him for those portions of his verdict which covered his property damage of $1,800, the medical expenses he incurred in the treatment for his wife's injuries, to wit, $3,303.17, and his claim for loss of consortium.

Prior to the institution of the present action, Mr. Detwiler died, and his widow has brought this suit to recover $10,000 from defendant as administratrix of his estate. However, for purposes of facility and clarity, we will continue to refer to him as "Mr. Detwiler". After defendant filed its answer, plaintiff moved for judgment on the pleadings.

The rule of law in the construction of insurance policies is clear in Pennsylvania. It has most recently been reiterated in the case of Lovering v. Erie Indemnity Company, 412 Pa. 551, 555-56 (1963), wherein the court stated that:

"The drafters of insurance policies, while undoubtedly intending to be fair with their policyholders

(who, after all, are their customers), have a reason, nevertheless, to see to it that every possible avenue of escape, from what they regard to be unjust payment, is paved with language over which there can be no stumbling as to the conditions of non-liability. The most meticulous study of the policy here in controversy fails to reveal *that* clear thoroughfare of immunity which the insurance company speaks of, but cannot point to. Since it is hornbook law that insurance policies are to be construed most strictly against those who write the policy, we cannot possibly read into the policy here involved what is simply not there".

This policy could easily have been written in such a way as to make clear the intention of the company, if the intention was as defendant contends. The key words in the policy are: ". . .the ERIE. . .will pay . . any uncollectible valid legal claim for damages resulting from bodily injury to *an* Innocent Victim caused by accident..." (Italics supplied).

There is no requirement under the terms of this policy that the person claiming damages be the person who actually suffered the bodily injuries giving rise to such claim. Similarly, there is no restriction on the type of damages except that they result from bodily injury. Construing this provision most strictly against the scrivener of the policy, i.e., defendant, we must conclude that it is liable for each victim's uncollectible valid legal claims for damages resulting from bodily injuries to the extent of the policy limits.

Reasoning from the above, it is seen that the claim for damages resulting from Mr. Detwiler's own injury clearly is within the contract's provision. The terms of the policy would also include his claim for the loss of consortium flowing from the injuries to Mrs. Detwiler, since such was valid legal claim for damages resulting from bodily injury to an innocent victim, the language of the policy. Similarly, the medical bills

expended by Mr. Detwiler for the treatment of Mrs. Detwiler's injuries comes under the language of the contract. The only item of damage claimed by Mr. Detwiler which does not come under this clause would be that for his property damage. However, since the maximum that the jury could have awarded him, under the evidence, for his property damage is $1,800, and since the jury's verdict was in the sum of $12,-000, the uncollectible valid legal claim can be reduced to the full extent of the property damage and still be in excess of the policy limit, i.e., $10,000, to which sum plaintiff is clearly entitled from defendant.

ORDER

And now, December 22, 1965, after oral argument before the court en banc and upon consideration of the briefs of counsel, plaintiff's motion for judgment on the pleadings is allowed, and the prothonotary is directed to enter judgment against defendant.